UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TRACI L WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-0090 CAN |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On February 22, 2008, Plaintiff, Traci L. Williams ("Williams"), proceeding *pro se*, filed her complaint in this Court. On September 29, 2008, Williams filed an opening brief, in which she asks this Court to enter judgment in her favor or to remand this matter to the Commissioner. On December 15, 2008, Defendant, Social Security Administration ("SSA"), filed its response brief. This Court now enters its ruling based upon the record of this case that includes the pleadings, the motions, the administrative record, briefs of the parties, and the arguments of counsel.

**I.    PROCEDURE**

On June 30, 2004, Williams filed her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Tr. 161-63, 609-13). Williams is insured for Disability Insurance Benefits through December 31, 2010. (Tr. 17). Williams claims she is entitled to benefits pursuant to Titles II and XVI of the Social Security Act. See 42 U.S.C. §§ 416(I), 423, 1381a.

On February 15, 2007, Williams appeared, with counsel, at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 98-108; 618-38). On December 19, 2007, the ALJ

issued a denial of Williams's claim. (Id.). Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 85-88). She also filed new applications for DIB and SSI. (Tr. 189-91, 572-75). The Appeals Council granted Plaintiff's request for review of the ALJ's decision, vacated the ALJ's decision, and remanded the case for a new hearing and a new decision. (Tr. 78-80). The Appeals Council instructed the ALJ to further develop the record, consider treating source opinions, evaluate Plaintiff's subjective complaints, further evaluate Plaintiff's mental impairments using the special technique set forth at 20 C.F.R. § 404.1520a, give further consideration to Plaintiff's residual functional capacity, and obtain testimony from a VE if warranted. (Tr. 79).

On October 26, 2007, the ALJ held another hearing, at which Plaintiff again appeared with counsel. (Tr. 641-56). On December 19, 2007, the ALJ found that Plaintiff was not disabled because she could perform a significant number of jobs despite the limitations caused by her impairments. (Tr. 14-25). In particular, the ALJ found that Williams had not engaged in substantial gainful activity since May 27, 2002. (Tr. 17). Further, the ALJ found that Williams's impairments of asthma, cervical disc disease, lumbar degenerative disc disease, and bipolar disorder were severe. (Id.). However, the ALJ found that Williams did not have any impairments that meet one of the listed impairments in 20 C.F.R. app.1, subpart P. § 404. (Tr. 18). The ALJ found that Williams had the residual functional capacity to "perform medium work . . . with additional limitations . . ." (Tr. 20). The ALJ determined that Williams could not perform her past relevant work. (Tr. 23). Further, the ALJ found that Williams could perform other jobs that exist in significant numbers in the national economy. (Tr. 24). Thus, the ALJ determined that Williams was not disabled. (Tr. 25). Accordingly, the ALJ denied Plaintiff's applications for DIB and SSI. (Tr. 14-25).

Williams appealed the ALJ's decision to the Appeals Council. (Tr. 7-9). The Appeals Council denied review; and as a result, the ALJ's decision became the Commissioner's final decision. 20 C.F.R. § 404.981, Fast v. Barnhart, 397 F.3d 468, 470 (7th Cir. 2005). Consequently, on February 22, 2008, Williams filed a complaint in this Court seeking a review of the ALJ's decision. [Doc. 1]. This Court may enter a ruling in this matter based on the parties' consent, 28 U.S.C. § 636(c), and 42 U.S.C. § 405(g).

## II. ANALYSIS

### A. Facts

At the time of the ALJ's decision, Williams was 41 years old, with an eighth grade education, and additional training as a nursing assistant. (Tr. 161, 204). Her past employment includes work as a nursing assistant and secretary. (Tr. 199, 243). Williams alleges that she suffers from both physical and psychological limitations. Specifically, Williams alleges that she suffers from bipolar disorder, asthma, hypo-thyroidism, cervical neck pain, bulging discs, and thoracic and lumbar pain. (Doc. No. 18). Williams alleges a disability onset date of June 14, 2004. (Tr. 197).

At the first hearing on February 15, 2007, Williams testified that she could not work because she took 15 different medications, had a back problem, and had headaches two-or-three times a week. (Tr. 622-24). Williams complained of experiencing asthma, panic attacks three times a month, mood swings, and depression. (Tr. 623-25). Williams articulated pain in her neck, right arm, leg, and back. (Tr. 626). Williams stated that she experienced pain in her lower back and down her leg if she tried to walk more than a block. (Tr. 628). Williams recited that she could stand for about 30 minutes and sit about 20 minutes at a time. (Tr. 628- 29). Williams testified that her ability to perform household chores was limited. (Tr. 626, 628). However,

Williams affirmed that she was able to care for herself and shopped for groceries (Tr. 630-32).

At the October 26, 2007 hearing, Plaintiff testified that her condition was about the same as it was at the time of the first hearing. (Tr. 642, 648-49). However, Williams claimed to have panic attacks up to five times a month and noted that she could only stand for about 20 minutes. (Tr. 644-45, 648).

B.  Standard of Review

The standard of review for an ALJ's decision is whether it is supported by substantial evidence and free of legal error. See 42 U.S.C. § 405(g); Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005); Golembiewski v. Barnhart, 322 F.3d 912, 915 (7th Cir. 2003). Substantial evidence means such relevant evidence as a reasonable mind might accept to support such a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court is not to substitute its own opinion for that of the ALJ's or re-weigh the evidence, but the ALJ must build a logical bridge from the evidence to his conclusion. Haynes, 416 F.3d at 626; Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001). This standard is deferential but not entirely uncritical, for an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. Golembiewski, 322 F.3d at 915. Alternatively, an ALJ's legal conclusions are reviewed *de novo*. Haynes, 416 F.3d at 626.

C.  Williams's Motion for Summary Judgment or Remand

To be entitled to benefits under 42 U.S.C. §§ 423, 1321a, Williams must establish that she was "disabled." See 42 U.S.C. § 423(a)(1)(D). The Social Security Act defines "disability" as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

4

>or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423 (d)(1)(A). The Social Security regulations prescribe a sequential five-part test for determining whether a claimant is disabled. The ALJ must consider whether: 1) the claimant is presently employed; 2) the claimant has a severe impairment or combination of impairments, 3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity, 4) the claimant's residual functional capacity leaves him unable to perform his past relevant work, and 5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920, Briscoe v. Barnhart, 425 F.3d 345, 352 (7th Cir. 2005). If the ALJ finds that the claimant is disabled or not disabled at any step, he may make his determination without evaluating the remaining steps. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If there is an affirmative answer at either step three or step five, then there is a finding of disability. Briscoe, 425 F.3d at 352. At step three, if the impairment meets any of the severe impairments listed in the regulations, the impairment is acknowledged by the Commissioner. See 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. app.1, subpart P, § 404. However, if the impairment is not so listed, the ALJ assesses the claimant's residual functional capacity, which in turn is used to determine whether the claimant can perform her past work under step four and whether the claimant can perform work in society at step five. 20 C.F.R. § 404.1520(e). The claimant bears the burden of proof on steps one through four, but the burden shifts to the Commissioner at step five. Id.

Without significant elaboration, Williams asserts that the ALJ failed to consider all the evidence in the record in relation to her daily functioning. See Doc No. 1 at 1 ("The judge didn't

5

look at all physical and emotional evidence in the daily effects on Ms. Williams life."). See also Doc. No. 18 at 3 ("[P]lease look at the evidence in my transcript, the decision Hearing and Appeals was very harsh and unfair.").

        1.       The ALJ's determination of Williams's credibility is supported by substantial evidence.

Williams does not develop her argument beyond broadly asking the Court to review the ALJ's decision. Indeed, the best this Court can deduce from Williams' minimal briefing, is that Williams is challenging the ALJ consideration of the limiting effects of her conditions on her daily activities. See Doc. 1 at 1. Without more direction from Williams, however, it is difficult – if not impossible – for this Court to accurately determine the legal reasons for which Williams finds the ALJ's opinion objectionable. In most cases, this would end this Court's review. See Gates v. Towery, 507 F. Supp. 2d 904, 924 (N.D.Ill. 2007) ("[A]ny arguments that are unsupported or underdeveloped are deemed waived."). However, because Williams is proceeding *pro se*, this Court will give Williams the benefit of the doubt and treat her motion as a challenge to the ALJ's credibility finding.

Because an ALJ is in a special position where he can hear, see, and assess witnesses, his credibility determinations are given special deference, and as a result, his credibility determinations will only be overturned if they are patently wrong. Jens v. Barnhart, 347 F.3d 209, 213 (7th Cir. 2003); Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001). However, as a bottom line, Social Security Ruling 96-7p requires an ALJ to consider the entire case record and articulate specific reasons to support his credibility finding. Golembiewski v. Barnhart, 322 F.3d 912, 915 (7th Cir. 2003); Steele v. Barnhart, 290 F.3d 936, 942 (7th Cir. 2002). While an ALJ is not required to provide a "complete written evaluation of every piece of testimony and

6

evidence," an ALJ cannot simply state that an the individual's allegations have been considered or that the individual's allegations are not credible. Rice v. Barnhart, 384 F.3d 363, 370 (7th Cir. 2004); Golembiewski, 322 F.3d at 915; Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001); S.S.R. 96-7p. Also, the ALJ may not simply recite the factors that are described in the regulations for evaluating symptoms. Zurawski, 245 F.3d at 887; S.S.R. 96-7p.

Regarding Williams's credibility, the ALJ found:

> [a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 20). Additionally, as part of his credibility analysis, the ALJ stated,

> The medical evidence regarding pain relief is inconsistent with the claimant's testimony that she has constant pain. The medical evidence indicates that medications, particularly epidural steroid injections, offer pain relief for months at a time. There is no evidence that the claimant has gone to the emergency room for intractable pain, nor des the record show that she uses other methods regularly to relieve pain. The record also shows that she does not engage in a variety of activities of daily living, including self-care, grocery shopping and cooking. A third-party report indicates that she engages in more activities on "pain free days," looks after her four children, and occasionally looks after an older aunt.

(Tr. 21) (internal citations omitted). Finally, as part of the ALJ's review of William's mental restrictions, the ALJ stated,

> After considering all of the evidence, the undersigned finds that under the "paragraph B" criterion of activities of daily living, the claimant has mild restriction. The record indicates that she is able to perform a wide range of tasks such as cleaning house, cooking, shopping, managing her finances, focusing on television shows, and using public transportation. Limitations in this area are primarily related to physical conditions, not the claimant's mental impairment.

(Tr. 19) (internal citations omitted).

7

This Court begins its analysis, giving substantial deference to the ALJ's credibility determination. See Jens, 347 F.3d 209 at 213 (credibility determinations only overturned if patently wrong). As such, this Court limits it review to determining whether the ALJ's opinion is supported by substantial evidence in the record and whether the ALJ adequately articulated the reasons for his conclusions. Haynes, 416 F.3d at 626; Zurawski, 245 F.3d at 887.

After reviewing the ALJ's opinion, this Court finds the ALJ's credibility determination to be supported by substantial evidence. On two occasions in his opinion, the ALJ discussed Williams daily functioning abilities in light of her limitations. See Tr. 19, 21. In support, the ALJ relied heavily upon a subjective self-assessment form completed by Williams and a report made by Williams' family friend, James A. Guy II. See Tr. 19, 21, 213-214, 232-242. Based on statements made therein, the ALJ concluded that Williams could still engage in several activities of daily living. In addition, as part of his analysis, the ALJ noted that Williams had obtained relief through treatment, and the ALJ drew inferences from the absence of hospitalizations for disabling pain, in Williams' medical record. See Tr. 21. Such discussion of the evidence suffices to create the requisite evidentiary support and logical basis that is necessary for this Court to uphold the ALJ determination. See Golembiewski v. Barnhart, 322 F.3d 912, 915 (7th Cir. 2003). As such, this Court concludes that the ALJ's opinion is substantially supported and sufficiently articulated.

## III. CONCLUSION

For the aforementioned reasons, this Court concludes that the ALJ's findings to be substantially supported. Therefore, Williams' motion for remand is **DENIED**. [Doc. No. 18]. This Court **AFFIRMS** the Commissioner's decision pursuant to sentence four (4) of 42 U.S.C. § 405(g). The clerk is instructed to term the case and enter judgment in favor of the Commissioner.

**SO ORDERED**

Dated this 3rd Day of February, 2009.

                                                  S/Christopher A. Nuechterlein
                                                  Christopher A. Nuechterlein
                                                  United States Magistrate Judge